IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Tammy J. Harper,

      Plaintiff,

     v.                           Case No. 2:13-cv-123

Carolyn W. Colvin,
Acting Commissioner of
Social Security,

      Defendant.

ORDER

    Plaintiff Tammy J. Harper brings this action under 42 U.S.C. §§405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for a period of disability or disability insurance benefits and supplemental security income. The administrative law judge ("ALJ") reviewed the medical evidence in the record, and held a video hearing on November 10, 2009, at which plaintiff and a vocational expert testified. In a decision dated January 15, 2010, the ALJ found that plaintiff had severe impairments consisting of borderline intellectual functioning, major depression and an anxiety disorder. PAGEID # 140. The ALJ found that plaintiff has the residual functional capacity ("RFC") to perform work at all levels of physical activity, with the exception that she is limited to performance of simple, routine, and repetitive tasks for two-hour periods before taking a short break to regain mental freshness, and is further limited to work tasks involving no more than casual, infrequent contact with others, and without high production quotas or strict time deadlines. PAGEID # 142. The ALJ also decided that plaintiff is not entitled to disability insurance

benefits and supplemental security income.  PAGEID # 151.

On August 22, 2011, the Appeals Counsel issued an order vacating the decision of the ALJ and remanding the matter to the ALJ for further proceedings.  PAGEID # 158.  The ALJ was directed to further evaluate the opinions of treating physician Thomas Vajen, M.D., and Gail Campbell, P.C.C., and to explain the weight given to that opinion evidence.  PAGEID ## 158-59.  The ALJ was also instructed to obtain additional evidence concerning plaintiff's mental impairments, to give further consideration to plaintiff's maximum residual functional capacity, and to provide rationale with specific references to evidence of record in support of the assessed limitations.  PAGEID # 159.

On remand, the ALJ heard additional testimony from plaintiff on April 17, 2012,  and received additional medical records.  The ALJ issued a decision on May 2, 2012.  PAGEID # 48.  The ALJ found that plaintiff had severe impairments consisting of status post remote head injury, borderline intellectual functioning, major depression and an anxiety disorder.  PAGEID # 50.  The ALJ noted that plaintiff had received no additional or alternative treatment for her psychological diagnoses since the first hearing on January 15, 2010, and that there had been no significant change in plaintiff's overall mental status and functioning.  PAGEID # 51. The ALJ again found that plaintiff has the residual functional capacity to work at all levels of physical activity, with the exception that she is limited to the performance of simple, routine, and repetitive tasks for two-hour periods before taking a short break, which involve no more than casual, infrequent contact with others, and no high production quotas or strict time

2

deadlines.  PAGEID # 56.

This matter is before the court for consideration of plaintiff's August 12, 2014, objections (Doc. 22) to the August 5, 2014, report and recommendation of the magistrate judge (Doc. 21), recommending that the court affirm the decision of the Commissioner.  The Commissioner has filed a response (Doc. 24) to plaintiff's objections.  For the reasons stated below, the court overrules plaintiff's objections and adopts the magistrate judge's report and recommendation.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'"  *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.").  Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion.  *Mullen v.*

3

*Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).  "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.'"  *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal citation omitted).  Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'"  *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Objections

A. Dr. Vajen's RFC Assessment

Plaintiff first objects to the conclusion of the magistrate judge that the ALJ did not fail to consider the residual functional capacity ("RFC") questionnaire completed by Dr. Thomas Vajen, plaintiff's treating psychiatrist, on June 22, 2011, and that even if the ALJ's failure to specifically refer to that exhibit in his decision was error, it was harmless error.  *See* PAGEID ## 1102-1105.  In his RFC evaluation, Dr. Vajen opined that plaintiff had moderate impairment in her ability to respond appropriately to co-workers or peers and marked impairments in other areas of social interaction, including the ability to process information accurately, to carry out instructions, to maintain attention and concentration, and to perform at expected production levels.  PAGEID ## 1103-1104.  He further concluded that plaintiff had

4

marked impairments in adaptation, including the ability to respond appropriately to changes, to remember locations, workplace hazards and workday procedures, to behave predictably and to maintain personal appearance and hygiene. PAGE ID ## 1104-1105.

An ALJ need not discuss every piece of evidence in the record for his decision to stand. *Thacker v. Comm'r of Soc. Sec.*, 99 F.App'x 661, 665 (6th Cir. 2004).

> While it might be ideal for an ALJ to articulate his reasons for crediting or discrediting each medical opinion, it is well settled that: "[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party. Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts."

*Kornecky v. Comm'r of Soc. Sec.*, 167 F.App'x 496, 508 (6th Cir. 2006)(quoting *Loral Defense Systems–Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999)(citations and internal quotation marks omitted)). Further, an ALJ's failure to cite specific evidence does not indicate that it was not considered. *Simons v. Barnhart*, 114 F.App'x 727, 733 (6th Cir. 2004).

The exhibit in question was originally submitted to the Social Security Administration on July 5, 2011, and was attached to the ALJ's second decision as Exhibit 16B. *See* PAGEID ## 219-221. The exhibit was also accepted into evidence at the April 17, 2012 hearing and marked as Exhibit 40F to the hearing transcript. <u>See</u> PAGEID ## 90, 1103-1105. Thus, Dr. Vajen's RFC evaluation was twice included in the record before the ALJ, and it is reasonable to infer that the ALJ was aware of it and considered it. This conclusion is supported by the fact that the ALJ did specifically

refer in his second decision to Dr. Vajen's treatment notes for June 22, 2011, completed the same date as Dr. Vajen's RFC evaluation. The ALJ noted, "On June 22, 2011, Dr. Vajen assessed that the claimant 'certainly *deserves* disability' (emphasis added), because she has panic attacks at time, has agoraphobia, cannot work around people, cannot complete tasks, and cannot take criticism or instructions well (Exhibit 31F, page 5)." PAGEID # 62. These comments by Dr. Vajen in his treatment notes, *see* Ex. 31F, PAGEID 693, are also reflected in his RFC evaluation. As the magistrate judge noted in her report and recommendation, "[t]his demonstrates that the ALJ was fully aware of the opinions held by Dr. Vajen on June 22, 2011." Doc. 21, PAGEID # 1168. The ALJ also addressed other matters contained in Dr. Vajen's RFC evaluation by stating:

> There is no credible evidence of record that establishes that the claimant has not had at all relevant times hereto, the ability to perform the basic mental demands of work, including the ability to understand, remember, and carry out simple instructions; use judgment, respond appropriately to casual infrequent contact with supervisors, coworkers; and deal with routine changes in a work setting[.]

PAGEID # 60. This objection is denied.

B. Failure to Give Dr. Vajen's Opinion Controlling Weight

Plaintiff also objects to the magistrate judge's conclusion that the ALJ properly evaluated the opinions of Dr. Vajen as a treating physician. *See* Doc. 21, PAGEID ## 1163-1166.

The Commissioner has implemented regulations concerning how medical opinions, including those of a treating physician, are to be weighed. The Commissioner has also issued a policy statement, Soc. Sec. Rul. 96-2p, 1996 WL 374188 (Soc. Sec. Admin. July 2, 1996), to guide an ALJ's assessment of a treating-source opinion.

Treating-source opinions must be given "controlling weight" if: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §404.1527(c)(2); *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 877 (6th Cir. 2007). The term "substantial evidence" denotes a quality of evidence amounting to "such relevant evidence as a reasonable mind would accept as adequate to support a conclusion that is contrary to the conclusion expressed in the medical opinion." Soc. Sec. Rul. No. 96-2p, 1996 WL 374188 at *3.

Even if the opinion of the treating doctor does not meet these "controlling weight" criteria, this does not mean that the opinion must be rejected; rather, it "may still be entitled to deference and be adopted by the adjudicator." Soc. Sec. Rul. No. 96-2p, 1996 WL 374188 at *1. If the Commissioner does not give a treating-source opinion controlling weight, then the opinion is weighed based on factors such as the length, frequency, nature, and extent of the treatment relationship, the treating source's area of specialty, and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence. 20 C.F.R. §404.1527(c)(2)-(6); *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). The Commissioner is required to provide "good reasons" for the weight given to a treating-source opinion. §404.1527(c)(2), (d)(2). These reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Rul. No. 96-

2p, 1996 WL 374188 at *5; *Rogers*, 486 F.3d at 242.  This procedural requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

However, the failure to comply with the "good reasons" requirement may be harmless error in a case where: (1) a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it; (2) the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion; or (3) the Commissioner has met the goals of the procedural requirement even though failing to comply with the regulation's terms. *Id.* at 547.  In regard to the last scenario, an ALJ may accomplish the goals of the "good reasons" requirement by indirectly attacking the supportability of the treating physician's opinion or its consistency with other evidence in the record. *Coldiron v. Comm'r of Soc. Sec.*, 391 F.App'x 435, 439–41 (6th Cir. 2010); *Nelson v. Comm'r of Soc. Sec.*, 195 F.App'x 462, 470–72 (6th Cir. 2006).

In this case, the ALJ did not expressly begin his analysis by stating that he was not giving Dr. Vajen's opinion controlling weight.  However, that finding was implicit in the ALJ's decision to assign Dr. Vajen's opinions partial weight.  PAGEID # 62.  It is apparent from the ALJ's discussion of Dr. Vajen's treatment records that he was aware of the length and nature of plaintiff's treatment relationship with Dr. Vajen and Dr. Vajen's area of specialty. *See* PAGEID ## 58-60.  The ALJ stated that he was accepting Dr. Vajen's opinions insofar as they indicated that plaintiff experiences some

8

psychological symptoms that would reduce her mental functioning to the extent that she is limited to the performance of simple, routine tasks.  PAGEID # 62.

The ALJ also provided several reasons why he was only giving Dr. Vajen's opinions only partial weight.  First, the ALJ stated that "Dr. Vajen's opinions are internally inconsistent with his own documented objective findings that the claimant functions well and that she does well with medication management of her symptoms."  PAGEID # 62.  *See Dawson v. Comm'r of Soc. Sec.*, 468 F.App'x 510, 513-14 (6th Cir. 2012)(ALJ gave sufficient reasons for discounting the opinions of plaintiff's treating physicians, such as the observation that the doctor's conclusions were inconsistent with other substantial evidence, including his own progress notes).

Plaintiff argues that the ALJ failed to point to medical evidence supporting his conclusion that Dr. Vajen's opinions were inconsistent with his treatment notes.  However, earlier in his opinion, the ALJ cited to numerous examples of Dr. Vajen's treatment notes in which Dr. Vajen stated that plaintiff was responding favorably to medication and was functioning well on medicines, and included specific references to exhibit numbers.  PAGEID ## 58-59.  The ALJ stated that Dr. Vajen's records "substantiate that the claimant has overall good control of her symptoms and significant retained mental functioning with medication management of her symptoms."  PAGEID # 59.  The ALJ also commented that Dr. Vajen's treatment records regarding plaintiff's reports of auditory hallucinations were "vague at best" in that Dr. Vajen never observed plaintiff experiencing hallucinations of any kind, and plaintiff reported that her infrequent auditory

9

hallucinations cleared entirely with medication.  PAGEID ## 59-60.
This discussion by the ALJ is sufficient to explain his reasoning
for concluding that Dr. Vajen's opinions were inconsistent with his
own notes.

As his second reason for giving Dr. Vajen's opinions only
partial weight, the ALJ stated:

> [A]lthough Dr. Vajen has indicated that the claimant is
> unable to work because she has panic attacks at times,
> has agoraphobia, cannot work around people, cannot
> complete tasks, and cannot take criticism or instructions
> well, none of these problems are born out *anywhere* in the
> record.  To the contrary, the evidence documents that the
> claimant is able to serve as the head of her household,
> provide parental care for her five children, care for her
> adult autistic son with professional assistance, care for
> her grandchildren, perform household chores, prepare
> meals, read, exercise, watch television, and seek and
> participate in appropriate mental health treatment.  This
> level of retained functioning is inconsistent with a
> complete inability to engage in all types of work.

PAGEID ## 62-63.  In both his May 2, 2012, decision, and his
January 15, 2010, decision (incorporated into his later decision by
reference, *see* PAGEID # 51), the ALJ summarized records documenting
the nature of plaintiff's daily life and activities.  The ALJ also
explained that he rejected plaintiff's hearing testimony and
plaintiff's claims of more severe mental limitations, noting: 1)
the absence of credible evidence establishing that plaintiff lacked
the ability to perform the basic demands of work; 2) plaintiff's
criminal history, which included seven convictions for driving
while under the influence and a falsification conviction; and 3)
examples of inconsistent statements and claims of exaggerated
symptoms provided by plaintiff to healthcare providers.  Under Soc.
Sec. Rul. 96-7p, 1996 WL 374186 at *4 (Soc. Sec. Admin. July 2,

1996), the ALJ can weigh a claimant's credibility in considering a claimant's statements as evidence bearing on the issue of disability. The ALJ's extensive discussion of the medical records and other evidence serves in this case to indirectly attack Dr. Vajen's opinions by demonstrating that they lack the support and consistency required to compel controlling weight. *See Coldiron*, 391 F.App'x at 439-41.

Thirdly, the ALJ noted that "although Dr. Vajen assessed that the claimant 'deserves' disability, it is not clear that he is familiar with the definition of 'disability' contained in the Social Security Act and regulations" and that it was possible that Dr. Vajen was "referring solely to an inability to perform the claimant's past work, which is consistent with the conclusion reached in this decision." Plaintiff argues that the ALJ's disagreement with Dr. Vajen's statement that plaintiff is "disabled" does not provide a reason for the ALJ to discount Dr. Vajen's other opinions. However, the ALJ's comments in this regard were addressed to Dr. Vajen's opinions that plaintiff was "disabled" or that she "deserves" disability. The magistrate judge correctly noted that Dr. Vajen's opinions that plaintiff is "disabled" or "deserves" disability relate to an issue reserved to the Commissioner. Opinions by doctors on the ultimate issue of disability are never entitled to controlling weight. *See* 20 C.F.R. §404.1527(e)(1)(the conclusion of disability is reserved to the Secretary); 20 C.F.R. §404.1527(e)(3)(no "special significance" is given to opinions of disability even if they come from a treating physician); *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007). The ALJ's comments rejecting Dr. Vajen's conclusory opinions of

disability were valid.

Finally, the ALJ noted that "the possibility always exists that a doctor may express an opinion in an effort to assist a patient with whom he or she sympathizes for one reason or another" and that doctors might provide a supportive report in order to satisfy their patient's insistent requests and avoid unnecessary doctor/patient tension. PAGEID # 63. Although it is improper for an ALJ to reject a treating physician's opinion solely on the ground that the doctor's motives were suspect, *see Blakley*, 581 F.3d at 408, the treating physician's motives may be considered along with other circumstances in determining the weight to give a treating physician's RFC assessment. *Yates v. Colvin*, 940 F.Supp.2d 664, 676 (S.D.Ohio 2013). Plaintiff argues that the scenarios described by the ALJ are not supported by the record. However, the ALJ further stated: "While it is difficult to confirm the presence of such motives, they are more likely in situations where the opinion in question departs substantially from the rest of the evidence of record, as in the current case." PAGEID # 63. The magistrate judge correctly concluded that the possibility that Dr. Vajen may have been motivated by sympathy or a desire to avoid tension was properly considered by the ALJ in weighing Dr. Vajen's opinions. Doc. 21, PAGEID # 1166.

The magistrate judge did not err in concluding that the ALJ properly evaluated Dr. Vajen's opinions and provided good reasons for assigning those opinions only partial weight. Plaintiff's objection to the magistrate judge's review of the ALJ's consideration of Dr. Vajen's opinions is denied.

<u>C. Failure to Assign Weight to Dr. Smith's Opinion</u>

Plaintiff argues that the magistrate judge erred in concluding that the ALJ's failure to specify the weight he was assigning to Dr. Smith's opinions was harmless error.  Dr. Margaret G. Smith, Ph.D., a psychologist, consultatively evaluated plaintiff on June 4, 2007, and diagnosed plaintiff with bipolar disorder, alcohol abuse, borderline intellectual functioning, and personality disorder with antisocial and avoidant traits.  PAGEID # 139. PAGEID # 139.

The ALJ summarized Dr. Smith's report in detail in his first opinion, which was incorporated by reference into his second opinion.  Plaintiff argues that the first opinion cannot be considered because the ALJ's decision was vacated by the Appeals Counsel.  Although the ALJ's *decision* finding that plaintiff was not disabled was vacated by the Appeals Counsel, the grounds for the reversal were the ALJ's failure to adequately explain his evaluation of the opinions of Dr. Vajen and counselor Gail Campbell and the need to obtain additional evidence for the administrative record.  *See* PAGEID ## 158-159.  The Appeals Counsel expressed no disagreement with any of the statements included in the first opinion; rather, the Appeals Counsel's quarrel was with what the ALJ failed to address in that opinion.  The first opinion is a part of the administrative record in this case, and there is no reason why the ALJ could not incorporate that opinion into his second opinion in the interest of economy.  Likewise, this court can consider the first opinion in reviewing the ALJ's decision.

The ALJ noted that Dr. Smith administered tests and determined that plaintiff had a full scale IQ score of 75, and a total memory composite score of 64 (which was lower than expected based on her

full IQ score.  PAGEID # 139.  In discussing social functioning, one of the criteria used in measuring the severity of a mental impairment to determine if it qualifies as a listed impairment in Step 3 of the evaluation process, the ALJ observed that Dr. Smith conducted a mental status examination which revealed that plaintiff's social skills fell within the normal range.  PAGEID # 141.  However, the ALJ also stated that  "Dr. Smith assessed that the claimant was limited to performing simple and repetitive work tasks, involving minimal social interactions with others."  PAGEID # 141.  In considering this and other evidence in both the first and second opinion, the ALJ concluded that a finding of moderate limitations in social functioning was supported by the evidence. PAGEID ## 54, 142.  The ALJ also referred to Dr. Smith's report in both his first and second opinions in determining plaintiff's limitations in concentration, persistence or pace, noting that Dr. Smith assessed that plaintiff was limited to performing simple and repetitive work tasks.  The ALJ thus concluded that plaintiff has moderate limitations in concentration, persistence or pace.  PAGEID ## 54-55, 142.

The magistrate judge acknowledged that the ALJ failed to assign a specific weight to Dr. Smith's opinions.  However, the magistrate judge concluded that this constituted harmless error. The magistrate judge noted that the ALJ included all of the functional limitations found by Dr. Smith (that plaintiff was limited to performing simple repetitive work tasks, in settings requiring minimal social interaction, and that she was markedly limited in her ability to handle work stressors) in his RFC.  Doc. 21, PAGEID # 1174.  The magistrate judge further observed that

although Dr. Smith opined that plaintiff was able to do simple repetitive work tasks such as plaintiff had done in the past as a nurse's aide, waitress, or factory worker (citing PAGEID # 420), the ALJ adopted a more restrictive RFC, *see* PAGEID # 63), in finding that plaintiff could not perform her past work. Doc. 21, PAGEID # 1174.

This court agrees with the determination of the magistrate judge that the ALJ's failure to specify the weight being assigned to Dr. Smith's opinion was harmless error. The ALJ adopted Dr. Smith's opinion by incorporating it into his determination of plaintiff's RFC. *See Wilson*, 378 F.3d at 547 (failure to comply with "good reasons" requirement may be harmless error if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion). To the extent that the ALJ's RFC determination was more restrictive than Dr. Smith's opinion, that was to plaintiff's benefit. In addition, the ALJ's discussion of Dr. Smith's report is sufficient to permit review of the ALJ's decision; thus, the ALJ met the goals of the procedural requirement even though he failed in some respects to comply with the regulation's terms. *Id.; see also Hickey-Haynes v. Barnhart*, 116 F.App'x 718, 725 (6th Cir. 2004)(failure to comply with treating physicians regulation was harmless error where "the reasoning behind [the ALJ's] use of each physician's opinion is clear"). Plaintiff's objection to the magistrate's review of the ALJ's discussion of Dr. Smith's opinion is denied.

D. Evaluation of Dr. Zwissler's Opinion

Plaintiff disagrees with the magistrate judge's conclusion that the ALJ adequately evaluated the opinion of Mel Zwissler,

Ph.D.  Plaintiff argues that the ALJ failed to review the opinion of this reviewing physician with greater scrutiny, and did not cite to objective medical evidence in the record supporting the opinion.

The magistrate judge noted that on July 10, 2007, Dr. Vicki Casterline, Ph.D., a state-agency psychologist, reviewed plaintiff's records and completed a mental RFC assessment.  Doc. 21, PAGEID # 1157; PAGEID # 440-457.  Dr. Casterline gave weight to Dr. Smith's consultative report, and concluded that plaintiff was capable of performing simple repetitive tasks which do not require her to have frequent interaction with others, and that her ability to tolerate ordinary work stress is moderately impaired.  PAGEID # 442-443.  On October 11, 2007, Dr. Zwissler reviewed Dr. Casterline's report and affirmed the report with additional comments, noting the lack of evidence to support plaintiff's claims of worsening symptoms.  PAGEID # 495.

As a general matter, the opinions of a treating source, who has an ongoing treatment relationship with the claimant, and of an examining source, who physically examines the claimant but has no ongoing treatment relationship with the claimant, are entitled to more weight than the opinion of a non-examining source such as state agency consultants.  *Gayheart*, 710 F.3d at 375.  However, this is not a *per se* rule.  *See Norris v. Comm'r of Soc. Sec.*. 461 F.App'x 433, 438-40 (6th Cir. 2012)(upholding ALJ's decision to credit state-agency physicians' assessments over those of treating physicians); *see also* Soc. Sec. Rul. 96-6p, 1996 WL 374180 at *3 (Soc. Sec. Admin. July 2, 1996)("In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to

16

greater weight than the opinions of treating or examining sources."). In addition, although the ALJ must provide some explanation of the weight given to state agency opinions, *see* 20 C.F.R. §404.1527(f), the procedural requirement for providing "good reasons" for the weight given to a doctor's opinion only applies to treating sources. *See Ealy*, 594 F.3d at 514; *Smith*, 482 F.3d at 876.

In addressing the opinion evidence of Drs. Casterline and Zwissler, the ALJ recognized that state agency psychologists are experts in social security disability programs. *See* Soc. Sec. Rul. 96-6p, 1996 WL 374180 at *2. The ALJ stated:

> The State Agency opinion (Exhibits 12F and 13F) has been considered in accordance with Social Security Ruling 96-6p. This assessment is consistent with and well-supported by the objective medical evidence and it is accepted as an accurate representation of the claimant's status.

PAGEID # 62. Elsewhere, the ALJ noted that his determination of plaintiff's RFC was "consistent with the opinions of Dr. Casterline (Exhibits 7F, page 2 and 8F) and Dr. Zwissler (Exhibits 12F and 13F)." PAGEID # 56. The ALJ also thoroughly discussed his findings concerning plaintiff's mental status and functioning, and explained why he was not giving Dr. Vajen's opinions greater weight. The magistrate judge concluded that "[s]ubstantial evidence" supported the ALJ's findings accepting the opinions of Drs. Casterline and Zwissler, and that "no further explanation of the weight given Dr. Zwissler's opinion was required." The court agrees with the magistrate judge on this point, and plaintiff's objection is denied.

E. Vocational Expert Testimony

17

Plaintiff objects to the magistrate judge's rejection of his arguments concerning the sufficiency of the magistrate judge's hypothetical question to Vocational Expert Barry Brown during the hearing on November 10, 2009.

First, plaintiff notes that the ALJ determined, as part of his assessment of plaintiff's RFC, that she is limited to working "for [two-hour] periods before she requires a short break in order to regain mental freshness." PAGEID # 56. In his hypothetical question to the vocational expert, the ALJ stated that plaintiff was "able to maintain concentration and attention for two[-]hour segments over an eight[-]hour work period[.]" PAGEID # 116. The magistrate judge found that the reference to "two[-]hour work segments over an eight[-]hour period" implied that the segments would be interspersed with breaks, and that the hypothetical question adequately portrayed the relevant limitation. Doc. 21, PAGEID # 1176. The magistrate judge correctly noted that a hypothetical question may be incomplete, yet still accurately portray a claimant's limitations. *See Brock v. Comm'r of Soc. Sec.*, 368 F.App'x 622, 626 (6th Cir. 2010). The court agrees with the conclusion of the magistrate judge that the ALJ's hypothetical, which included the ability to maintain concentration and attention for two-hour segments, adequately conveyed the limitation that breaks were required every two hours.

Second, plaintiff argues that although the ALJ found that plaintiff's ability to tolerate ordinary workplace stress is moderately impaired, his hypothetical question to the vocational expert did not specifically mention workplace stress. The ALJ's hypothetical asked the vocational expert to contemplate a worker

18

restricted to "simple tasks and instructions" who was "able to respond appropriately to supervisors and coworkers in a task oriented setting where contact with others is casual and infrequent; and able to adapt to simple changes and avoid hazards in a setting without strict production standards[.]" PAGEID ## 116-117. The magistrate judge found that this hypothetical accurately conveyed plaintiff's moderate impairment to tolerate workplace stress. Doc. 21, PAGEID # 1176. This court agrees. *See Brock*, 368 F.App'x at 625-26 (holding that hypothetical which asked vocational expert to assume that plaintiff could "engage in occasional and superficial contact with coworkers, supervisors and the general public" adequately expressed plaintiff's limitation of responding to workplace pressures); *Shepard v. Colvin*, No. 3:12-cv-149, 2013 WL 2179366 at *10 (S.D.Ohio May 20, 2013)(hypothetical which limited interaction with public, coworkers, and supervisors, and limited work to simple, routine, and repetitive tasks in a work environment free of fact-paced production requirements accurately portrayed plaintiff's moderate impairment in ability to withstand work-place stress), *Report and Recommendation Adopted by*, 2013 WL 3053533 (S.D.Ohio June 17, 2013).

Plaintiff's objection regarding the ALJ's hypothetical question is denied.

III. Conclusion

Having reviewed the record *de novo*, the court determines that there is substantial evidence supporting the ALJ's determination that plaintiff is not disabled, as defined in the Social Security Act. Plaintiff's objections to the report and recommendation are not well taken, and those objections (Doc. 22) are denied. The

court adopts and affirms the magistrate judge's report and recommendation (Doc. 21).  The Commissioner's decision is affirmed, and this action is dismissed.

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the clerk shall enter final judgment affirming the decision of the Commissioner and dismissing this action.


Date: September 15, 2014          s/James L. Graham
                                    James L. Graham
                                    United States District Judge